**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **NORMA BELL FELDER, #32606-177,**     ) | |
|         **Plaintiff,**                                 ) | |
|                                                               ) | |
| **v.**                                                     ) | 3:05-CV-2121-N |
|                                                               ) | ECF |
| **MICHAEL EDWARD FELDER, et al.,**  ) | |
|         **Defendants.**                            ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil action brought by a federal inmate.

Parties:  Plaintiff is presently incarcerated at FMC Carswell in Fort Worth, Texas. Defendants are Michael Edward Felder, TST Impreso, Inc., and Mike Ward. The Court did not issue process in this case pending preliminary screening.

Statement of Case:  The complaint alleges Defendants coerced Plaintiff into making fraudulent payroll checks in names that did not exist, and forced her to cover for illegal immigrants hired by Defendant Ward through TST Impreso Inc. Plaintiff requests that Defendant Michael Felder be held responsible for half of the $627,000 in restitution that Plaintiff was ordered to pay as a result of her bank fraud conviction in United States v. Norma Bell Felder, 3:04cr222-R(01) (N.D. Tex., Dallas Div.). She also requests that this Court investigate

alleged criminal activities engaged in by Defendants.

Findings and Conclusions: Before addressing Plaintiff's claims, the Court must first examine the threshold question of whether it has subject matter jurisdiction. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action.  System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky, 242 F.3d 322, 324 (5th Cir. 2001); Moody v. Empire Life Ins. Co., 849 F.2d 902, 904 (5th Cir. 1988).

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law or a treaty, see 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, see 28 U.S.C. § 1332.

Plaintiff filed her complaint on the form to be used by prisoners in filing civil rights actions pursuant to 42 U.S.C. § 1983.  That section affords redress only for conduct committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen or corporation.  Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004); Scott v. Moore, 85 F.3d 230, 233 (5th Cir. 1996); Thibodeaux v. Bordelon, 740 F.2d 329, 332 (5th Cir. 1984).[1]

Plaintiff seeks to have the Court investigate alleged criminal activities engaged in by Defendants and to see that they are criminally prosecuted.  Investigations in possible criminal

---

[1] 42 U.S.C. § 1983 provides, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

activities and the prosecution of federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the federal government.  See Pierre v. Guidry, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing Cort v. Ash, 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under federal criminal statutes); Oliver v. Collins, 904 F.2d 278, 280-81 (5th Cir. 1990) (the decision to file or not file criminal charges falls within this category of acts that will not give rise to § 1983 liability).

Plaintiff also seeks to have the Court require Defendant Michael Felder to pay one-half of the restitution which the District Court ordered her to pay in the judgment entered in her criminal conviction in United States v. Norma Bell Felder, No. 3:04cr222-R (N.D. Tex., Dallas Div.). Michael Felder was not a party in the criminal trial.  Nor does the Court have jurisdiction over any action by Plaintiff against Defendants, since neither Defendant is a state actor, and Plaintiff and Defendants are citizens of the State of Texas.

Insofar as Plaintiff's complaint may be liberally construed to seek a reduction of the restitution which she is required to pay as part of the criminal judgment, the Court is also without jurisdiction to grant relief.  See Rule 35, Fed. R. Crim. P.[2]

---

[2] Judge Jerry Buchmeyer was the sentencing judge in No. 3:04cr222-R.

RECOMMENDATION:

For the forgoing reasons, it is recommended that the District Court dismiss Plaintiff's complaint for want of jurisdiction.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 23rd day of February, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.